UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| VINCENZA PRESTI, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 23 C 15160 ) |
| ALEJANDRO MAYORKAS, Secretary U.S. Department of Homeland Security,[1] | ) Judge Daniels ) ) ) |
| Defendant. | ) ) |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S PARTIAL
MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT**

**Introduction**

Vincenza Presti, a former federal employee, amended her age discrimination and retaliation complaint a third time to include an "involuntary resignation" claim that the court did not authorize and that she did not exhaust under the Age Discrimination in Employment Act or Title VII. Dkt. 63. Presti had filed that claim of involuntary resignation with the Merit Systems Protection Board (MSPB), which the MSPB dismissed as untimely. The MSPB decision became final and was received by Presti on September 19, 2024. While this court allowed Presti to amend her complaint to include a request for *judicial review of the MSPB decision* dismissing her claim of involuntary resignation, Dkt. 57, Presti has instead filed an amended complaint that merely adds "involuntary resignation" and failure to rehire claims to her existing discrimination claim . That amendment

---

[1] The caption of Presti's second amended complaint includes "*et al.*," as if there are other defendants. Presti's prior complaint included individual defendants who were dismissed. Dkt. 40. The only proper defendant is the head of the agency, the Secretary of Homeland Security, Alejandro Mayorkas. *Timms v. Frank*, 953 F.2d 281, n.* (7th Cir. 1992); 42 U.S.C.A. § 2000e-16(c). That is the only named defendant in the amended complaint, so we will assume that the Secretary is the only defendant.

was *not* allowed by this court, and her claims regarding an alleged involuntary resignation and failure to rehire should be dismissed pursuant to Rule 12(b)(1) and (6) as unexhausted.

## Background

Presti worked for the United States Citizenship and Immigration Service (USCIS), a component of the Department of Homeland Security, until she resigned in 2022. Dkt. 63 at ¶ 12, 13. Presti alleges age discrimination and retaliation in her complaint. Dkt. 63 at ¶ 9. Presti had previously engaged in protected activity in 2008 and 2018. Dkt. 63 at ¶ 12(h).

Relevant to this case, Presti filed an EEO complaint in August 2020, and she filed a formal EEO complaint in November 2020. Dkt. 63 at 12 (final agency decision). Presti amended her EEO complaint several times. Dkt. 63 at 13. Presti raised administrative EEO complaints (in the context of age discrimination and retaliation) concerning a hostile work environment, her furlough in 2020, her performance appraisals, and a voluntary assignment. *Id.* at 13-18.

Presti's first amended judicial complaint included claims regarding her "involuntary resignation." Dkt. 8 at ¶ 12(b) and 13. This court previously granted defendant's motion to dismiss that claim due to Presti's failure to exhaust it in her EEO complaint and her ongoing pursuit of that claim before the MSPB. Dkt. 40. Further, Presti affirmatively excluded any allegations of involuntary resignation from her 2020 EEO complaint that gives rise to this case. Ex. 1 (Presti email May 29, 2023). Instead, Presti chose to pursue her alleged involuntary resignation claim to the MSPB. Ex. 2. She specifically indicated in her appeal before the Office of Federal Operations (OFO) that she did not want to pursue her new claim of involuntary resignation in the administrative appellate process before the OFO. Ex. 2 at 5 (acknowledging that her EEO did not include the "involuntary resignation" and that no EEO complaint was filed regarding her alleged termination).

Recently, Presti withdrew her petition for review of the initial MSPB decision. Subsequently, the MSPB issued an order granting Presti's withdrawal request, and the initial decision finding that Presti's complaint about her involuntary resignation was untimely became the MSPB's final decision. Ex.3. Presti then moved to amend her judicial complaint in order to include the involuntary resignation claims. Dkt. 51. This court granted Presti's motion to the extent that she was seeking *judicial review of the MSPB decision*. Dkt. 57. However, Presti's amended complaint raises the involuntary resignation claim as part of her Title VII claim rather than a separate claim seeking judicial review of the MSPB decision. Dkt. 63. The third amended complaint does not mention or attach the MSPB decision. Defendant moves to dismiss "involuntary resignation" discrimination claim from Presti's third amended complaint as well as her claims regarding failure to rehire.

## Discussion

Presti includes claims in this case that were not included or exhausted in her EEO complaint, claims that this court previously dismissed. A Title VII plaintiff may not bring claims in a lawsuit that were not included in her administrative complaint. *Jennings v. Panetta*, 492 F. App'x 698, 699 (7th Cir. 2012); *Teal v. Potter*, 559 F.3d 687, 691 (7th Cir. 2009). Here, Presti's claim that she involuntarily resigned in 2022 was not raised in her 2020 EEO complaint because it could not be (her final amendment to her EEO complaint was months earlier in May 2021). Dkt. 63 at 13. Further, she specifically directed that her alleged involuntary resignation not be included in her EEO complaint because she was pursuing it in another forum, the MSPB. Ex. 1. Presti elected the MSPB forum to contest her alleged involuntary resignation when she filed her appeal with the MSPB on May 24, 2023, prior to filing a complaint before this court in October 2023. Ex. 2. Pursuant to 29 C.F.R. § 1614.107(a)(4), a complaint is dismissed from the EEO

3

administrative process where the complainant has raised the matter in an appeal to the MSPB. Given that Presti elected the MSPB forum to hear her allegations of involuntary resignation and that she admittedly did not file an EEO complaint regarding it, her attempt to include it as a new allegation before this court is improper, as it was when the court granted defendant's motion to dismiss. Dkt. 40.

Further, as the MSPB has now made final the initial decision dismissing Presti's claim in that forum concerning her involuntary resignation, Presti could raise this claim before this court only in the context of seeking judicial review (making this a so-called "mixed case"). But rather than seek judicial review of the adverse MSPB decision, Presti's amended complaint raises her alleged involuntary resignation as a new discrimination claim. Dkt. 63. This court previously dismissed this claim. Dkt. 40. Although advised in open court on the court's ruling allowing amendment to seek *judicial review* of this claim, Presti disregards the court's guidance and repeats her error. Dkt. 57. Therefore, this court should again dismiss Presti's involuntary resignation discrimination claim.[2]

Presti also includes a new claim of failure to rehire. Dkt 63 at 12(a). Similar to her claim for involuntary resignation, this claim was not exhausted. Dkt. 63 at 8 (EEO complaint) and 13 (accepted issues). The four accepted issues do not include a failure to rehire. *Id.* Thus, this claim should be dismissed.

Presti's current judicial complaint, then, does not include a request for judicial review of the MSPB decision (or even mention the MSPB decision). Presti could have been entitled to judicial review of the MSPB decision if she had filed a request for judicial review within 30 days

---

[2] This court ordered that defendant file the administrative record by December 10, 2024, based upon Presti's expected request for judicial review of her MSPB claim. Dkt. 57. Because Presti failed to amend her complaint to include a request for judicial review of her MSPB claim, no administrative record will be filed.

4

of her receipt of the MSPB's decision. Presti received the decision September 19, 2024. Ex. 3. And this court told her that she could file an amended complaint seeking such review. But she has not. Presti has filed no complaint (amended or otherwise) that included a request for judicial review of the MSPB decision.

In the final decision issued by the MSPB on September 19, 2024, Presti was informed of her appeal deadlines. Ex. 3. Based upon the notice provided to Presti by the MSPB, Presti had until October 21, 2024, to file a request with this court for judicial review of the MPSB's final decision. Ex. 3. She did not do so. Instead, Presti filed a motion to amend her complaint on September 27, 2024, to include a claim of involuntary resignation (discussed above). Dkt. 51. After a hearing on October 8, 2024, the court informed Presti that she could file an amended complaint but only to add a request for judicial review of an MSPB decision. Dkt. 57 (noting review of the Board's final decision). Thereafter, Presti took no action until November 8, 2024, when she filed the amended complaint that *again* included a previously dismissed Title VII claim for involuntary resignation but *without* a request for judicial review of the MSPB's decision or any mention of the MSPB decision. Dkt. 63. Even if Presti included a request for judicial review, it would have been untimely after October 21, 2024. Despite the MSPB's notice and the court's education on the issue of obtaining judicial review, Presti has never sought judicial review of the MPSB's decision in this court. Dkt. 63 (no request for judicial review of the MSPB decision). Any request to seek judicial review now would be too late.

5

**Conclusion**

For the foregoing reasons, Presti's claim regarding any alleged involuntary resignation and failure to rehire should be dismissed. (Defendant simultaneously files an answer to the remaining allegations of Presti's complaint.)

Respectfully submitted,

MORRIS PASQUAL
Acting United States Attorney

By: s/ Kathryn A. Kelly
    KATHRYN A. KELLY
    Assistant United States Attorney
    219 South Dearborn Street
    Chicago, Illinois 60604
    (312) 353-1936
    kathryn.kelly@usdoj.gov